17-517-cv
Cohn v. Dep't of Educ. of N.Y.C.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

PETER COHN,
      Plaintiff-Appellant,

      -v.-                                17-517-cv

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK,
ERIC STRAUSS, individually, and JAMES
JOHNSON, individually,
      Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                      STEWART LEE KARLIN, Stewart Lee
                                        Karlin Law Group, PC, New York,
                                        NY.

**FOR APPELLEES:**                      ERIC LEE (Fay Ng <u>on the brief</u>),
                                        <u>for</u> Zachary W. Carter,
                                        Corporation Counsel of the City
                                        of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Peter Cohn, a New York City public school teacher, alleges that he suffered unlawful retaliation after he suggested that a fellow teacher had improperly assisted students prepare for a state-wide standardized test.[1]  The United States District Court for the Eastern District of New York (Block, <u>J.</u>) dismissed the complaint on motion, concluding that Cohn's speech was not protected by the First Amendment because it was made pursuant to his duties as a government employee.  We review that decision de novo. <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir. 2008).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As part of his duties as an earth science teacher, Cohn was required to set up the laboratory portion of the New York State Regents Examination and help grade it.  Cohn observed that approximately a dozen students in another teacher's class received perfect scores, and suspected that the teacher had improperly coached those students before the test.  Cohn raised his concerns to the school's principal and assistant principal and, when they failed to act, Cohn informed the New York State Department of Education and the Board of Regents.  Cohn alleges that he afterward suffered various adverse employment consequences, including unsatisfactory performance reviews.

---

[1]  Cohn sued his principal and assistant principal, as well as the New York City Department of Education and Board of Education.

Only certain types of speech made by government employees are protected by the First Amendment: it is necessary (but not sufficient) that the government employee "sp[eak] 'as a citizen' rather than solely as an employee." Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015) (quoting Jackler v. Byrne, 658 F.3d 225, 235 (2d Cir. 2011)). There is no "brightline rule" to determine whether or not "a public employee is speaking pursuant to [his] official duties," i.e., speaking as an employee rather than as a citizen. Ross v. Breslin, 693 F.3d 300, 306 (2d Cir. 2012). "Courts must examine the nature of the plaintiff's job responsibilities, the nature of the speech, and the relationship between the two." Id.

In Weintraub v. Board of Education, a teacher alleged retaliation after complaining that a school administrator had declined to punish a student who had thrown books at the teacher. 593 F.3d 196, 198 (2d Cir. 2010). The teacher's complaint was made "pursuant to his official duties because it was part-and-parcel of his concerns about his ability to properly execute his duties as a public school teacher-- namely, to maintain classroom discipline." Id. at 203 (citation and quotation marks omitted). Consequently, the teacher spoke as an employee rather than as a citizen.

So too here. Cohn and the other earth science teachers were responsible for setting up the laboratory exam, creating the answer key, and grading the exam. As in Weintraub, Cohn's speech was "part-and-parcel" of his job responsibilities--here, ensuring the fair and proper administration of a test for which he had some responsibility. Id. The alert to school officials that another teacher may have helped students cheat was therefore "pursuant to his official duties." Id. Accordingly, Cohn was speaking as an employee--rather than as a citizen--and his speech is unprotected by the First Amendment.

Cohn's counterarguments are unavailing. He contends that he was speaking in a private capacity when he raised his concerns beyond his immediate supervisors (the principal and assistant principal) by writing to state educational officials. A similar argument was rejected in Ross: "[t]aking a complaint up the chain of command to find someone who will take it seriously 'does not, without more, transform . . . speech into protected speech made as a

3

private citizen.'"  693 F.3d at 307 (quoting <u>Anemone v. Metro. Transp. Auth.</u>, 629 F.3d 97, 116 (2d Cir. 2011)).

Cohn also argues that he spoke as a citizen rather than as an employee because private citizens may likewise write to state educational officials about suspected cheating. Although a "civilian analogue" to a government employee's speech militates in favor of an inference that the employee's speech is protected by the First Amendment, <u>see</u> <u>Matthews</u>, 779 F.3d at 175-76, the presence of an unofficial analogue does not *necessarily* mean the speech is protected. <u>Weintraub</u> concluded that the plaintiff teacher spoke as an employee (rather than as a citizen) before the opinion considered the presence of a civilian analogue.  593 F.3d at 203.  Although the lack of a civilian analogue "supported" the conclusion that the teacher spoke as an employee, it was not determinative.  <u>Id.</u>  Even if private citizens can complain to state educational authorities in the same way he did, it would not change our conclusion that Cohn's speech was made pursuant to his official duties, and therefore unprotected by the First Amendment.

For the foregoing reasons, and finding no merit in Cohn's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4