23-732-cv
*Severin v. New York City Department of Education et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> MYRNA PÉREZ,
> *Circuit Judges*.

_____

JEAN RICHARD SEVERIN,

> *Plaintiff-Appellant*,

v.                                                                    23-732-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, STEVEN DORCELY, Former Principal of Urban Action Academy High School, JORDAN BARNETT, Former Assistant Principal of Urban Action Academy High School, MICHAEL PRAYOR, Former Superintendent Over Urban Action Academy High School,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                          BRYAN D. GLASS, Glass & Hogrogian LLP, New York, NY.

1

For Defendants-Appellees:           JULIE STEINER (Richard P. Dearing, Ingrid R. Gustafson, *on the brief)*, Of Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Steven DiSiervi, Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY.

Appeal from a judgment of the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jean Richard Severin appeals from the judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*), granting summary judgment to the New York City Department of Education (the "DOE"), Steven Dorcely, Jordan Barnett, and Michael Prayor on Severin's First Amendment retaliation claim. Severin was employed as an exam grader and proctor at Urban Action Academy High School ("UAA") during the summer of 2014, before starting his job as a social studies teacher at UAA that fall. Severin alleges that in August of 2014, Dorcely, the then-principal of UAA, attempted to obtain Severin's assistance in altering a student's Regents exam, which Severin refused to do (the "Cheating Incident"). Severin reported the Cheating Incident (the "Report") to the New York City Special Commissioner of Investigation ("SCI") in April of 2015. Severin alleges that Dorcely instigated two Section 3020-a hearings against him, the second of which resulted in his termination, in retaliation for the Report. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth here only as necessary to explain our decision to AFFIRM.

"We review a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326 (2d Cir. 2020) (cleaned up). We affirm a grant of summary

2

judgment only if the moving party has shown "'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *In re DeRogatis*, 904 F.3d 174, 186–87 (2d Cir. 2018) (cleaned up) (quoting Fed. R. Civ. P. 56(a)).

To survive a motion for summary judgment on a First Amendment retaliation claim, the plaintiff must present evidence: "'(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" *Shara v. Maine-Endwell Cent. Sch. Dist.*, 46 F.4th 77, 82 (2d Cir. 2022) (quoting *Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003)). "The speech of a public employee is protected by the First Amendment when the employee speaks as a citizen on a matter of public concern, rather than pursuant to his employment responsibilities." *Specht v. City of New York*, 15 F.4th 594, 600 (2d Cir. 2021). To determine whether an employee is speaking as a citizen or in connection with his employment responsibilities, we consider "whether the employee's speech was part-and-parcel of that person's concerns about his ability to properly execute his duties." *Montero v. City of Yonkers*, 890 F.3d 386, 398 (2d Cir. 2018) (cleaned up). This is a "practical" inquiry because "[s]peech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 202–03 (2d Cir. 2010).

Severin contends that the district court erred in concluding as a matter of law that Severin spoke as an employee in making the Report, and therefore that his speech was not protected by the First Amendment. We disagree. When a teacher is responsible for "ensuring the fair and proper administration of a test," his report of cheating is speech pursuant to his official duties. *Cohn v. Dep't of Educ. of City of N.Y.*, 697 F. App'x 98, 99 (2d Cir. 2017) (summary order). In the summer

3

of 2014, Severin was employed as a proctor and grader of exams by the DOE. Moreover, although Severin had not yet begun teaching at UAA, he was a teacher in the New York City school system. As a proctor and grader, as well as a teacher, one of Severin's responsibilities was to ensure proper administration of exams. As such, it was "part-and-parcel" of his official duties to report attempted cheating. *Weintraub*, 593 F.3d at 203. This is true even though Severin was not overseeing the specific exam at issue because the proper administration of a system-wide exam, such as the Regents exam, requires the vigilance of those responsible for the exam throughout the system.

Severin claims that because his job duties did not explicitly obligate him to report mere irregularities there is at least a genuine dispute of material fact as to whether he spoke as a citizen. Assuming *arguendo* that Severin's duty to report the Cheating Incident was not explicit, this does not create a genuine dispute of material fact because we look beyond the job description to determine whether speech is within the scope of an employee's job responsibilities. *See id.* at 202 (noting that "the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties" (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 425 (2006))). Taking this practical approach, we conclude that Severin has raised no material issues of fact as to whether his responsibilities required him to report the Cheating Incident.

Severin additionally argues that his method of speech, a report to SCI, demonstrates that he spoke as a citizen because members of the public can report misconduct to SCI. While we consider the existence of a civilian analogue as part of our analysis, it is not dispositive. *Montero*, 890 F.3d at 397–98. Where, as here, the relationship between the speech and Severin's job responsibilities is clear, the ability of a private citizen to also report misconduct to SCI does not change our conclusion that Severin's Report was within the scope of his duties as an employee.

4

*See Cohn*, 697 F. App'x at 100 ("Even if private citizens can complain to state educational authorities in the same way he did, it would not change our conclusion that Cohn's speech was made pursuant to his official duties, and therefore unprotected by the First Amendment."). Accordingly, the district court properly ruled that Severin's speech was not protected by the First Amendment.

\*　　　\*　　　\*

We have considered Severin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk